# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LIVE NATION MERCHANDISE, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:19-cv-3762** |
| | ) | |
| **vs.** | ) | **Judge: Sharon Johnson Coleman** |
| | ) | |
| **VARIOUS JOHN DOES, VARIOUS** | ) | **Magistrate: Young B. Kim** |
| **JANE DOES, and XYZ COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY RESTRAINING ORDER,
## SEIZURE ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY
## INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE

Based upon the Complaint, Memorandum of Points and Authorities, Declaration of

Peter Weber, and the Certificate of Counsel and all other pleadings and proceedings

heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane

Does and XYZ Company their true identities being unknown (collectively "Defendants"),

show cause before the Honorable Sharon Johnson Coleman, United States District Judge,

in Courtroom 1425 of the United States District Court for the Northern District of Illinois,

or a Judge sitting in my stead, located at 219 South Dearborn Street, Chicago, Illinois

60604, at 9:00 a.m. on June 27, 2019 or as soon thereafter as counsel can be heard, why an

order pursuant to Fed.R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and

the All Writs Act, 28 U.S.C. § 1651, should not be entered granting to Plaintiff Live Nation

Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing,

distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and

other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos or other indicia of the Group known as "Dead & Company" (including for the "Grateful Dead") (collectively, the "GD Trademarks").

    **AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the GD Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

    **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the GD Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the GD Trademarks, and impairment of the goodwill Plaintiff and its licensees have in the said GD Trademarks;

    **IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, are hereby temporarily

restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the GD Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the GD Trademarks (including the trademarks and designs set forth in Exhibit A hereto) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the Group's on the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to on June 14 and June 15, 2019 at Wrigley Field in Chicago, Illinois;

**AND IT IS FURTHER ORDERED** that this order is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, bank check, or cash in the amount of $5,000 no later than June 14, 2019, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before July 3, 2019. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before July 10, 2019. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days notice or shorter notice as this Court may allow.

**IT IS SO ORDERED.**

Dated: June 13, 2019

**SHARON JOHNSON COLEMAN**
**UNITED STATES DISTRICT JUDGE**

4



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PHISH, INC.                              )
                                         )
    Plaintiff,                       )
                                         )
    v.                               )      Case No.  1:17 - CV-05050
                                         )
                                         )      Judge  Robert W. Gettleman
VARIOUS JOHN DOES, JANE DOES AND         )
ABC COMPANIES                            )      Magistrate Judge Sidney I. Schenkier
                                         )
    Defendants.                      )
                                         )
                                         )

## TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND
## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiff, Phish Inc. ("Plaintiff"), having applied *ex parte* against unknown individuals

and entities (collectively, "Defendants") for a temporary restraining order, order permitting civil

seizure, order to show cause for preliminary injunction, and order sealing file pursuant to Federal

Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, et seq.), as amended by the

Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason

that Defendants are and will be manufacturing, distributing, offering for sale and selling goods

bearing counterfeit reproductions of trademarks owned and controlled by Plaintiff ("Counterfeit

Merchandise"), and the Court having reviewed the complaint, the memorandum of law, the

declarations of Kevin Shapiro, Jeffrey L. Laytin and Bart A. Lazar, and the exhibits thereto, the

Court finds:

Defendants' manufacture, import, distribution, offer for sale and/or sale of Counterfeit

Merchandise has caused, and if not stopped will continue to cause, immediate and irreparable

injury to Plaintiff;

Plaintiff is likely to succeed in showing Defendants have used and are continuing to use counterfeit and/or unauthorized and infringing copies of Plaintiff's federally registered trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

Plaintiff has also shown sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation, and that the harm to Plaintiff from denial of the requested *ex parte* order would outweigh the harm to Defendants' legitimate interests in the event such an order were granted;

Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent an *ex parte* order, thereby denying Plaintiff access to relevant evidence and frustrating the ultimate relief Plaintiff seeks in this action;

Plaintiff has represented it has not publicized the requested seizure order and has requested that the case be filed under seal;

Plaintiff has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

Plaintiff has demonstrated the location(s) at which Defendants are or will be distributing, offering for sale and/or selling Counterfeit Merchandise; and

Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's remedies for trademark counterfeiting, including, inter alia, the removal of Counterfeit Merchandise from the marketplace and destruction of same, and an award to Plaintiff of lost profits or damages.

Therefore, IT IS HEREBY ORDERED that Defendants, various John Does, Jane Does and ABC Companies, their true identities being unknown, show cause before the Honorable Robert W. Gettleman, United States District Court Judge, in Courtroom __1703__ of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL 60603 at _9:15_____ a.m./p.m. on __July 25, 2017_____ or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered granting to Plaintiff, Phish, Inc., a preliminary injunction enjoining the Defendants from manufacturing, distributing, offering or holding for sale, or selling the Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings and other merchandise bearing the trademarks, service marks, likenesses, images, trade names or logos, or any colorable imitations thereof of the musical group known as PHISH and each of its individual members TREY ANASTASIO, MIKE GORDON, JON FISHMAN, and PAGE MCCONNELL and their federally registered marks: PHISH FOOD, U.S. Registration Number 2173816; PHISH, U.S. Reg. No. 2096010; PHISH, U.S. Reg. No. 2029049; PHISH, U.S. Reg. No. 2029048; PHISH, U.S. Reg. No. 1917861; PHISH, U.S. Reg. No. 1782981; and PHISH and Design, U.S. Reg. No. 1930480; OYSTERHEAD, U.S. Reg. No. 2662635; GAMEHENDGE, U.S. Reg. No. 2048310; GAMEHENDGE, U.S. Reg. No. 2053513 and WATERWHEEL, U.S. Reg. No. 2247438; and their unregistered mark VIDA BLUE (collectively, the "Plaintiff s Marks").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the Counterfeit Merchandise bearing the Plaintiff's Marks during the upcoming 2017 Phish concert tour, including the concerts to be held July 14, July 15 and July 16, 2017 at Northerly Island (the "2017 Tour"), and will carry out such acts during the entirety of the 2017 Tour set forth below and as amended, unless restrained by order of the Court,

-3-

IT IS FURTHER ORDERED that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them be and hereby are temporarily restrained from manufacturing, distributing, offering or holding for sale, advertising and/or selling Counterfeit Merchandise bearing any of the Plaintiff's Marks;

AND IT IS FURTHER ORDERED that the United States Marshal or other federal, state or local law enforcement officers, or off-duty officers located within each district in which Plaintiff enforces this order, assisted by one or more attorneys or agents of Plaintiff, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale or are holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten (10) hours before to six (6) hours after any performance by Phish within a twenty (20) mile vicinity of the venues at which Phish shall be performing, including the following venues and dates of the 2017 Tour:

| July 14-16, 2017 | Huntington Bank Pavillion at Northerly Island<br>1300 South Lynn White Drive, Chicago, IL |
| --- | --- |
| July 18, 2017 | Wright State University Nutter Center<br>3640 Colonel Glenn Hwy #430, Dayton, OH |
| July 19, 2017 | Petersen Events Center<br>3719 Terrace St., Pittsburgh, PA, |
| July 21-August 6, 2017 | Madison Square Garden<br>4 Pennsylvania Plaza (Seventh Avenue between 31st and 33rd Streets), New York, NY |
| September 1-3, 2017 | Dick's Sporting Goods Park<br>6000 Victory Way, Commerce City, CO |

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond or certified check or attorney's check in the amount of $5,000, to secure payment of such costs and damages

not to exceed such sum as may be suffered or sustained by any party who is found to be

wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that the temporary restraining order and seizure order

shall remain in effect until the date for hearing on the order to show cause set forth above, or

such further dates as set by the Court, at which time the Court shall also hold the confirmation

hearing pursuant to 15 U.S.C. §1116(d)(10)(A), unless Defendants stipulate, or have not objected

to the confirmation of the seizure and entry of the proposed preliminary injunction;

AND IT IS FURTHER ORDERED that service of a copy of this order together with the

summons and complaint in this action be made upon the Defendants by the United States

Marshal, other federal, state or local law enforcement officers or by any person over the age of

eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time

the seizure provided herein is effected and that such service shall be deemed good and sufficient,

provided that a complete set of all moving papers submitted in support of this order shall be

promptly provided to any defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each

person from whom Counterfeit Merchandise is seized and that the Plaintiff shall be deemed

substitute custodian for all Counterfeit Merchandise seized, which shall be maintained in a

secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that Defendants' responsive papers, if any, shall be

filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies

to Plaintiff's counsel at the address set forth below, on or before July 21, 2017. Any reply shall

be filed and served by Plaintiff at the hearing;

AND IT IS FURTHER ORDERED that any defendant who is hereafter served with a

copy of this order who objects to the provisions hereof may submit his or her objections to this

Court or otherwise move for relief from this Court as provided herein or otherwise according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise so ordered by this Court.

AND IT IS FINALLY ORDERED that the Clerk of the Court may issue John Doe, Jane Doe and ABC Company summons for the purpose of serving process in this matter.

**IT IS SO ORDERED.**

Dated: July ___, 2017 at ___ a.m/p.m     _____
United States District Court Judge

Submitted by

Bart A. Lazar, Esq. (6195086)
Marcus L. Mintz, Esq. (6290255)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5986
Fax (312) 460-7986
E-mail: blazar@seyfarth.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LIVE NATION MERCHANDISE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  1:16-cv-7339** |
| | ) | |
| **vs.** | ) | **Judge: Sara L. Ellis** |
| | ) | |
| **VARIOUS JOHN DOES, individuals,** | ) | **Magistrate: Mary M. Rowland** |
| **VARIOUS JANE DOES, individuals,** | ) | |
| **and XYZ COMPANY, business** | ) | |
| **entity form unknown,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY RESTRAINING ORDER,
## SEIZURE ORDER AND AN ORDER TO SHOW CAUSE WHY A
## <u>PRELIMINARY INJUNCTION SEIZURE ORDER SHOULD NOT ISSUE</u>

Based upon the previously filed complaint, memorandum of points and authorities, Declaration of Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable Sara L. Ellis, United States District Court Judge, in Courtroom 1403 of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois at  10:30 a. m. on August 2, 2016 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Live Nation Merchandise, Inc., a

preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist known as **"DRAKE"** (collectively, the "Artist's Trademarks").

      **AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

      **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

      **IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and

assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **DRAKE)** which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after: (a) the concerts to be held July 26, and July 27, 2016 at the United Center, in Chicago, Illinois (the "Chicago Concerts"); and (b) for those Defendants served with a copy of this order at either of the Chicago Concerts, the Concert on July 28, 2016 at The Palace of Auburn Hills, in Auburn Hills, Michigan (the "Michigan Concert");

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond, credit card, certified check, or cash in the amount of $ 5,000 no later than July 26, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is

required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before August 1, 2016. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before August 2, 2016. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (b) (4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days

notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: July 26, 2016
At: 1:15 p. m.

_____
**THE HONORABLE SARA L. ELLIS**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LIVE NATION MERCHANDISE, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No.  16 C 563 |
| | ) | |
| vs. | ) | **Judge John Robert Blakey** |
| | ) | |
| VARIOUS JOHN DOES, individuals, | ) | **Magistrate Susan E. Cox** |
| VARIOUS JANE DOES, individuals, | ) | |
| and XYZ COMPANY, business | ) | |
| entity form unknown, | ) | |
| | ) | |
| **Defendants.** | ) | |

## TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown  (collectively "Defendants") show cause before the Honorable John Robert Blakey, United States District Court Judge, in Courtroom 1725 of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, at 10:00 a.m. on February 4, 2016 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, Live Nation

Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the group known as **"BLACK SABBATH"** (collectively, the "Group's Trademarks").

 **AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

 **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks,

and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of BLACK SABBATH) which Defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at the United Center in Chicago, Illinois on January 22, 2016;

**AND IT IS FURTHER ORDERED** that this Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, credit card, or cash in the amount of $10,000.00 no later than 5:00 p.m. on January 25, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this Order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this Order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents

4

for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before January 27, 2016. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before February 3, 2016. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: January 21, 2016, at 2:00 p.m.

ENTERED:

J̲_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP** ) | |
| **MERCHANDISING SERVICES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 1:15-cv-1621** |
| ) | |
| **vs.** ) | **Judge: Charles P. Kocoras** |
| ) | |
| **VARIOUS JOHN DOES, individuals,** ) | **Magistrate: Sheila Finnegan** |
| **VARIOUS JANE DOES, individuals,** ) | |
| **and XYZ COMPANY, business** ) | |
| **entity form unknown,** ) | |
| ) | |
| **Defendants.** ) | |

## TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of Scott Faraday and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown (collectively "Defendants") show cause before the Honorable Charles P. Kocoras, United States District Court Judge, in Courtroom 2325 of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, at 9:30 a.m. on March 17, 2015 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, Bravado International Group Merchandising Services, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling

or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the artist known as **"ARIANA GRANDE"** (collectively, the "Artist's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all

persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **ARIANA GRANDE**) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at the Allstate Arena in Rosemont, Illinois on March 3, 2015;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, credit card, or cash in the amount of $5,000.00 no later than March 12, 2015, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before March 12, 2015. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before March 17, 2015. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2)

days' notice or shorter notice as this Court may allow, but no such application shall serve

to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: 2/26/2015

**THE HONORABLE CHARLES P. KOCORAS**
**UNITED STATES DISTRICT COURT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **TSURT, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:13-cv-4990** |
| | ) | |
| **vs.** | ) | **Judge:** |
| | ) | |
| **VARIOUS JOHN DOES, individuals,** | ) | **Magistrate:** |
| **VARIOUS JANE DOES, individuals,** | ) | |
| **and XYZ COMPANY, business** | ) | |
| **entity form unknown,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY <u>INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE</u>

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of Christopher Siglin and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown (collectively "Defendants") show cause before the Honorable Thomas M. Durkin, United States District Court Judge, in Courtroom 1725 of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, at 9:00 a. m. on July 26, 2013 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, TSURT, LLC., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry,

photographs, posters and other merchandise (collectively the "Infringing Merchandise") and seize the same bearing the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the group known as **"PEARL JAM"** (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all

persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **PEARL JAM**) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at Wrigley Field in Chicago, Illinois on July 19, 2013;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $10,000 no later than July 18, 2013, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _____, 2013. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before _____, 2013. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: July 15, 2013
At: 9:42 a. m.

_____
**THE HONORABLE** THOMAS M. DURKIN
**UNITED STATES DISTRICT COURT JUDGE**

Respectfully Submitted

By:_____/s/ Joseph J. Bogdan_____
Joseph J. Bogdan, Esq.

4

1322 S. Wabash Avenue, Suite 806
Chicago, Illinois 60605
Telephone: (312) 450-4655
Facsimile:  (312) 275-7782

Cara R. Burns, Esq. (Pro Hac Vice to be requested)
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAVADO INTERNATIONAL GROUP )
MERCHANDISING SERVICES, INC., )
)
      Plaintiff, )    Case No. 1:13-cv-2227
)
vs. )    Judge:
)
VARIOUS JOHN DOES, individuals, )    Magistrate:
VARIOUS JANE DOES, individuals, )
and XYZ COMPANY, business )
entity form unknown, )
)
      Defendants. )

## ~~PLAINTIFF'S [PROPOSED]~~ ORDER TO SHOW
## CAUSE ON MOTION FOR PRELIMINARY INJUNCTION AND SEIZURE
## ORDER WITH TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

Based upon the Complaint, the Memorandum of Points and Authorities, the

Declaration of Thomas Donnell and the Certificate of Counsel of Cara R. Burns and all

other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane

Does and XYZ Company their true identities being unknown (collectively "Defendants")

show cause before the Honorable *Robert W. Gettleman* United States District Court

Judge, in Courtroom *703* of the United States District Court for the Northern District of

Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, at *9:30* a. m. on

*April 4*, 2013 or as soon thereafter as counsel can be heard, why an order

pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not

be entered granting to Plaintiff, Bravado International Group Merchandising Services,

1

Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and seize the same bearing the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the group known as **"GREEN DAY"** (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the

2

Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **GREEN DAY**) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at the Allstate Arena in Rosemont, Illinois on March 28, 2013;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $5000 no later than April 4, 2013, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is

required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before *April 2* , 2013. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before *April 4* , 2013. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

/ / /

/ / /

4

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any

defendant can apply to this Court for modification/dissolution of this Order on two (2)

days notice or shorter notice as this Court may allow, but no such application shall serve

to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

     **IT IS SO ORDERED.**

Dated: March 26, 2013

At: 2:00 P. m.

              **THE HONORABLE** ROBERT W. GETTLEMAN

              **UNITED STATES DISTRICT COURT JUDGE**

Respectfully Submitted

By:    /s/ Joseph J. Bogdan

Joseph J. Bogdan, Esq.

1322 S. Wabash Avenue, Suite 806

Chicago, Illinois 60605

Telephone: (312) 450-4655

Facsimile: (312) 275-7782

Cara R. Burns, Esq. (Pro Hac Vice to be requested)

Hicks, Mims, Kaplan & Burns

3250 Ocean Park Blvd, Ste 350

Santa Monica, California 90405

Telephone: (310) 314-1721

Facsimile: (310) 314-1725



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LIVE NATION MERCHANDISE, INC., )
                                        )

              Plaintiff,        )      Case No. 1:12-cv-4828

                                          )

vs.                               )      Judge:

                                          )

VARIOUS JOHN DOES, individuals,   )      Magistrate:
VARIOUS JANE DOES, individuals,   )
and XYZ COMPANY, business        )
entity form unknown,               )

                                          )

              Defendants.     )

## PLAINTIFF'S [PROPOSED] ORDER TO SHOW
## CAUSE ON MOTION FOR PRELIMINARY INJUNCTION AND SEIZURE
## ORDER WITH TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable _Virginia Kendall_, United States District Court Judge, in Courtroom _2319_ of the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois 60604, at _9.30._ m. on _July 3_, 2012 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing,

distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and seize the same bearing the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the group known as **"AEROSMITH"** (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all

persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **AEROSMITH**) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at the United Center in Chicago, Illinois on June 22, 2012;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 10,000 no later than 6-21 , 2012, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

3

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before June 28 , 2012. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before July 1 , 2012. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

/ / /

/ / /

4

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any

defendant can apply to this Court for modification/dissolution of this Order on two (2)

days notice or shorter notice as this Court may allow, but no such application shall serve

to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: June 19, 2012
At: 1:45 p. m.

THE HONORABLE VIRGINIA KENDALL
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted

By:____ /s/ Joseph J. Bogdan_____
Joseph J. Bogdan, Esq.
1322 S. Wabash Avenue, Suite 806
Chicago, Illinois 60605
Telephone: (312) 450-4655
Facsimile: (312) 275-7782

Cara R. Burns, Esq. (Pro Hac Vice to be requested)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725