# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
1984 MAY -1 PM 2 [  ]

CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
TOLEDO, OHIO

GREAT SOUTHERN CO. INC., et al.,

    Plaintiff,

-vs-

JOHN DOE, et al.,

    Defendant.

No. C 82-294

MEMORANDUM and ORDER

WALINSKI, J.

    This cause is before the Court on amicus curiae, Ed Trela's "Request for the Removal of Parties" to a default judgment and permanent injunction. Jurisdiction in this matter is founded on 15 U.S.C. §1116.

    This action involved the infringement by defendants of plaintiff's exclusive rights to the tradename and service mark "Iron Maiden". This court issued an injunction of nationwide scope, permanently restraining and enjoining defendants, their agents, servants, employees and any other persons in concert or participation with them from manufacturing or selling any product bearing the mark Iron Maiden. Amicus curiae requests this Court "strike John Doe, Jane Doe and XYZ Company as parties to the default judgment and permanent injunction" because of a "failure to comply with notice." The movant states that "plaintiff's have failed to serve notice on every person and/or company in the United States," as, he alleges, is required by Rule 65(a)(1) of the

Exhibit C

Page 135
Exhibit C

Case: 1:24-cv-07541 Document #: 5-5 Filed: 08/21/24 Page 3 of 6 PageID #:155
Case 2:08-cv-02500-ABC-E Document 5-2 Filed 04/16/08 Page 67 of 70 Page ID #:111

2

Fed. R. Civ. P. For the following reasons, the Court finds that the *amicus curiae* motion is not well taken and is, therefore denied.

The Court first notes its authority to grant injunctions of a nationwide scope. Section 34 of the Lanham Act 15 U.S.C. §1116 gives "any district court of the United States" the power to grant injunctions which "may be served on the parties . . . anywhere in the United States where they may be found, and shall be operative and may be enforced by the court by which such injunction was granted, or by any other U.S. District Court in whose jurisdiction the defendant may be found." Particularly in circumstances where the plaintiff's market area is nationwide, the plaintiff must be entitled to nationwide protection. *See, e.g. Golden Door, Inc. v. Odisho*, 437 F.Supp 956 (N.D. Cal. 1977); *Five Platters, Inc. v. Purdie*, 419 F.Supp. 372 (D. Md. 1976). Because plaintiffs in this case are a musical group presently engaged in a tour throughout the U.S., this Court's issuance of a nationwide injunction was necessary and rightful.

The Court next emphasizes the limited role of an *amicus curiae*. Because his participation in the litigation is only for the benefit of the Court, an *amicus* does not have the status of a party, does not represent any of the parties, and cannot, as such, exert any control over the course of the litigation. *U.S. v. Barnett*, 376 U.S. 681 (1964). The fact, extent, and manner of participation by an *amicus* is a matter solely within the discretion of the Court. *Alexander v. Hall,*

3

64 F.R.D. 152 (S.C. 1974); Clark v. Sandusky, 205 F.2d 915 (2 Cir. 1953); Ginsburg v. Black, 192 F.2d 823, cert. denied, 34 U.S. 934 (1952). See 1B J. Moore, Federal Practice ¶0.411[6]. In this case, amicus curiae has filed his request after a full opportunity to participate in the proceedings. Furthermore, because of defendant's failure to appear at the hearing on the permanent injunction, a default judgment has already issued. Because of the late stage of the proceedings and the fact that amicus has had ample opportunity to participate, the Court is doubtful whether amicus' participation would be prudent or of any benefit at this point. However, as the movant presents himself pro se the merits of his legal position will be briefly addressed.

The movant correctly states that Rule 65(a)(1) of the Federal Rules of Civil Procedure requires notice to the adverse party before a preliminary injunction shall issue. Plaintiffs in this case, however, have been granted a permanent injunction. Rule 65(a)(1) is, therefore, inapplicable. The notice requirement of Rule 65(d) is the appropriate one in this case. It provides that "[e]very order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." While the movant has based his argument in an incorrect sub-part of Rule 65, the Court will examine what remains of his argument. The movant contends that the existence

of fictious defendants in this case requires that notice of the permanent injunction be given to "every person and/or company in the United States." Because of plaintiff's failure to do so, the Court is requested to "strike" the fictious defendants as parties to the judgment and injunction. This would apparently leave only the ten named defendants subject to the injunction, because non-parties would not be bound by the decree.

Clearly, movant's contention is without merit. It is axiomatic that suits are maintainable against fictitious parties whose names are not yet known to the plaintiff. <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Furthermore, as noted above, this Court has the authority under §34 of the Lanham Act to enjoin violations of the Act "anywhere in the United States." While a court "cannot lawfully enjoin the world at large," <u>Alemite Mfg. Corp. v. Staff</u>, 42 F.2d 832, 833 (2nd Cir. 1930), a nationwide notice requirement, of the type suggested by <u>amicus</u> would limit the availability and usefulness of the injunction in a trademark infringment action and therefore, undermine the purpose of the Lanham Act. Plaintiff's ability to protect exclusive rights to the trademark is not defeated because plaintiff does not yet know the names of every potential infringer. So long as it appears that a non-party to the suit in which the injunction was issued has <u>actual knowledge</u> of it, that non-party is amenable to the injunction. <u>Hill v. U.S.</u>, 33 F.2d 489 (8th Cir 1920); <u>Reich v. U.S.</u>, 239 F.2d 134 (1st Cir.

Page 135
Exhibit 6

5

1956). See Wright & Miller, Federal Procedure §2956. It is unreasonable to assume that this requirement of actual knowledge means an injunction cannot stand as to fictitious defendants. Such an interpretation would require plaintiffs to initiate judicial proceedings every time a new infringer is identified. This is an inefficient and costly way for plaintiffs to protect their rights, in addition to being a clear waste of judicial resources. Even if this Court were to grant the movant's request to strike the fictitious defendants as parties to the judgment, this result would not allow him to continue to manufacture or sell his goods. In the present case the movant is bound as if he were a named defendant because of his actual knowledge of the injunction.

For the foregoing reasons, it is

ORDERED that amicus curiae Ed Treia's "Request for the Removal of Parties" is denied.



Toledo, Ohio.
4/30/84

UNITED STATES DISTRICT JUDGE

Page 139
Exhibit B

4/9