**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TSURT, LLC and PEARL JAM, LLC,** ) | |
| ) | Case No.    2024-CV-7541 |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **VARIOUS JOHN DOES, VARIOUS** ) | |
| **JANE DOES and XYZ COMPANIES,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER FOR**
**PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING**
<u>**ORDER AND ORDER OF SEIZURE**</u>

Upon the declarations of Kenneth A. Feinswog and Christopher Siglin, Plaintiffs' Memorandum of Law and the Complaint submitted herewith and all other pleadings and proceedings had herein and good cause having been shown:

**IT IS HEREBY ORDERED THAT** Defendants, Various John Does, Jane Does and ABC Companies, their true identities being unknown, show cause on the 5th day of September, 2024 at 10:00 o'clock in Courtroom 2201 at the United States District Court for the Northern District of Illinois, Eastern Division at 219 South Dearborn Street, Chicago, Illinois 60604, why an order should not be entered granting Plaintiffs a preliminary injunction enjoining Defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing and other merchandise (collectively the "Infringing Merchandise") bearing the PEARL JAM name, trademark, likenesses and logo (collectively the "Musical Performer's Trademarks");

**AND IT APPEARING TO THE COURT** that Defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the PEARL JAM United

1

States concert tour t-shirts, shirts, hats, caps, bandannas, sweatpants and other clothing bearing the Musical Performer's Trademarks and will continue to carry out such acts unless restrained by Order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss and damage will result to Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that Defendants are preparing to manufacture, distribute and sell Infringing Merchandise throughout the current PEARL JAM concert tour and that unless Defendants are enjoined from said manufacture, distribution and sale, Plaintiffs will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Musical Performer's Trademarks, interference with Plaintiffs' ability to exploit and market their merchandising rights, confusion in the marketplace as to the duly authorized source of PEARL JAM merchandise and the impairment of the goodwill that Plaintiffs have in the Musical Performer's Trademarks;

**IT IS HEREBY ORDERED** that pending the hearing and determination of this Motion, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the Musical Performer's Trademarks;

**IT IS FURTHER ORDERED** that the U.S. Marshal for this District, or any district in which Plaintiffs enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same and persons acting under their supervision are hereby authorized to seize, impound (and deliver to Plaintiffs or their representatives), any and all Infringing Merchandise

bearing the Musical Performer's Trademarks, including from cartons, containers or vehicles or other means of transport in which the Infringing Merchandise is found beginning six (6) hours before and continuing until four (4) hours after any performance at any concert on the PEARL JAM tour within a five (5) mile radius of the concert on the PEARL JAM tour including, but not limited to, the PEARL JAM concerts at Wrigley Field, Chicago, Illinois on August 29 and 31, 2024;

**AND IT IS FURTHER ORDERED** that this Order is hereby conditioned upon Plaintiffs filing with the Clerk of this Court, an undertaking, a surety bond or a certified, cashiers or attorneys' check, credit card or cash in the amount of $10,000 Dollars no later than August 28, 2024 at 4:00 P.M. to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this Temporary Restraining Order is conditioned upon Plaintiffs advancing to law enforcement officers such sum as is required to cover the fees for their services, in the event that Plaintiffs seek their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this Order to Show Cause together with the Complaint shall be made upon Defendants by the United States Marshal, state or local enforcement authority or by any person over the age of eighteen (18) years and not a party to this action selected for that purpose by Plaintiffs, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom merchandise is seized and that Plaintiff TSURT, LLC shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiffs shall be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' attorney by delivering a copy to their counsel on or before September 3, 2024; Any reply shall be filed by Plaintiffs and served upon each appearing Defendant or their counsel on or before September 4, 2024. Plaintiffs shall provide copies of pleadings at the request of any identified Defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.Civ.P. 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS SO ORDERED

August 23, 2024

                                                                UNITED STATES DISTRICT JUDGE